**In re EMPIRE INTERIORS, INC. and Empire Furniture of Mentor, Ltd., Debtors.**

**Bankruptcy Nos. 99–16863, 99–16864.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 4, 2000.

**310**

Robert D. Barr, Cleveland, OH, for Trustee.

Steven S. Davis, Cleveland, OH, for Bedlyn, Inc.

Steven S. Freedman, South Euclid, OH, for Joan Lichko.

Michael Poklar, Pepper Pike, OH, for Donald Lee.

Dawn R. Copley, Dickinson Wright, Detroit, MI, for Kmart Corp.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Richard A. Baumgart (the Trustee) seeks authorization to assume and assign certain leases of real property pursuant to 11 U.S.C. § 365(d)(4). Objections to such relief were filed by Bedlyn, Inc. (Bedlyn) and by Kmart Corporation (Kmart). Upon a full hearing with due notice to all entitled parties, the following factual findings and conclusions of law are rendered:

The leases in issue are of real property located at 5367 Northfield Road in Bedford Heights, Ohio (the Bedford Lease) and at 7400 Ridge Road in Brooklyn, Ohio (The Brooklyn Lease). On October 5, 1999, this Court entered an order allowing the Trustee until January 2, 2000 to assume, assign or reject the subject leases pursuant to § 365(d)(4). Subsequently, upon motion of

the Trustee, that period was extended to February 29, 2000. Thusly, the present motion was filed timely. The latter motion also requested a further extension with an effective date of April 1, 2000, which was granted.

Objections to the Trustee's motions were duly considered. Kmart, as sublessor of the Brooklyn lease, objected on the following basis: (1) Empire Interiors, Inc./Empire Furniture of Mentor, Ltd. (the Debtor) is controlled by the Debtor's principal, Ray Salupo; (2) the Debtor continually failed to fulfill its sublease obligation, owing prepetition arrearages of $177,237.90; (3) the Trustee has failed to provide adequate assurance of future performance; (4) the trustee failed to indicate that he will compensate Kmart for its pecuniary loss resulting from the Debtor's prepetition breaches; (5) there is no indication that the Trustee properly marketed the leases to insure the highest return; and (6) the Debtor asserted vague defenses regarding the cure amount under its sublease with Kmart.[1] Subsequently, Kmart withdrew part of its objection relative to adequate assurance of future performance, upon condition that the Trustee pay Kmart unspecified April and May, 2000 charges. Kmart also has withdrawn the part of its objection which alleged that the Trustee failed to properly market the Brooklyn Lease. The balance of Kmart's objection remains for Court determination.

Under 11 U.S.C. § 365(a) of the Code, a trustee is empowered in the following manner:

> Except as provided in sections 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval may assume or reject *any* executory contract or unexpired lease of the debtor. (Emphasis added).

Herein, it is undisputed between the parties that the Brooklyn lease is executory in

---

**1.** On April 28, 2000, Kmart filed a partial withdrawal of its objection to the Trustee's motion to assume and assign the Brooklyn Lease. Kmart has made no challenge to the assumption and assignment of the Bedford Lease.

nature. It is further not in dispute that certain prepetition arrearages are owed to Kmart under the lease ($177,237.90). Subsection (b) of § 365 addresses cure requirements where a prepetition default has occurred on an executory contract or unexpired lease:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

(2) Paragraph (1) of this subsection does not apply to a default that is a breach of a provision relating to—

(A) the insolvency or financial condition of the debtor at any time before the closing of the case;

(B) the commencement of a case under this title;

(C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement; or

(D) the satisfaction of any penalty rate or provision relating to a default arising from any failure by the debtor to perform nonmonetary obligations under the executory contract or unexpired lease.

As noted above, Kmart no longer challenges the adequacy of performance requirement which § 365(b)(1) imposes upon the Trustee. It does, however, continue to object to the subject motion on the basis that the Trustee has failed to indicate that he will pay Kmart unspecified pecuniary losses due to the Debtor's breaches. Additionally, Kmart continues to object on the basis that the Debtor has "informally asserted vague defenses to the cure amount due under the Kmart lease". Kmart's objections are unsupported by any authority, statutory or otherwise. Indeed, Kmart makes no reference to any aspect of § 365 or any other statutory authority. Thusly, its objection is without merit.

■ Subsection (d) of § 365 was enacted as a limitation on the Trustee's ability to assume and assign executory contracts and unexpired leases. It provides greater clarity to parties who are in contractual or lease relationships with the debtor as to their status vis-a-vis the estate. See, *In re Cannonsburg Envtl. Assocs.*, 72 F.3d 1260, 1266 (6th Cir.1996). More specific to the present motion, the legislative purpose of § 365(d) is "to relieve the burden placed on nonresidential real property lessors during the period between a tenant's bankruptcy petition and assumption or rejection of a lease." See, *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986 (6th Cir. 2000), citing, *In re Pudgie's Dev. of N.Y.*, 239 B.R. 688, 692 (S.D.N.Y.1999); 130 Cong.Rec. 58894–95 (daily ed. June 19, 1994).

■ In pertinent part, the Trustee's Motion to assume and assign the Leases clearly provides (Para. No. 11) that, based upon a pending offer to purchase and subject to court approval, sufficient cash will be on hand to cure all prepetition lease defaults. Such substantial funds would certainly be beneficial to the Debtor's estate and is in the best interest of creditors. Once such offer is approved, Kmart and other parties in interest would have their respective allowed claims applied to the proceeds of sale for satisfaction. The amount of the pending offer is $250,000.00 for the purchase of both leases. (See Motion at Para. No. 9).

Further, the subject motion makes no mention of any defenses respecting a cure of any arrearages owed Kmart, as alleged. Thusly, any reference to any informal assertions which may have been made in this regard by any agents of the Debtor are not persuasive or applicable to a disposition of the present motion, as the Trustee is the estate's only representative. Thusly, the objection of Kmart is overruled.

■ Bedlyn's objection is premised with regard to the Bedford lease only. Essentially, Bedlyn argues that it acquired the Bedford lease from the Debtor on or about August 30, 1999, prior to the Debtor's bankruptcy filing. As such, Bedlyn objects to the Trustee's motion to assume and assign the Bedford lease as there remains no leasehold interest beneficial to the Debtor's estate for the Trustee to assume and assign. Bedlyn further objects to that prong of the Trustee's motion which seeks a further extension of the time by which the Trustee could assume or assign the Bedford lease, on the basis that he has had more than sufficient time to accomplish that objective. Lastly, Bedlyn objects on the basis that the Trustee is reposed with only a possessory interest in the Bedford leasehold.

On April 27, 2000, this Court issued its Opinion, Order, and Judgment, which effectively determined that the purported interest in the Bedford lease acquired by Bedlyn was nothing more than an avoidable prepetition transfer pursuant to 11 U.S.C. § 548(a)(2). Thusly, Bedlyn acquired no interest in the Bedlyn lease which is superior to the estate's interest in the Bedford leasehold, and Bedlyn's objection to the Trustee's motion to assume and assign is overruled.

Accordingly, the Trustee's motion to assume and assign is hereby granted. The objections of Kmart and Bedlyn are, respectively, overruled.

IT IS SO ORDERED.